OPINION OF THE COURT
Richard S. Lawrence, J.
An order in the above-entitled proceeding, dated December 24, 1996, having been made, and a determination having been made by the Support Collection Unit that the above-named *149 support obligor is in default pursuant to Family Court Act § 458-a on such order and that the driving privileges of the support obligor should therefore be suspended, and a further determination having been made by the Support Collection Unit denying the support obligor’s challenge to the notification by the Support Collection Unit to the New York State Department of Motor Vehicles to suspend such driving privileges, and timely objections to that determination having been filed by the support obligor with this court and rebuttal thereto having been filed by the Support Collection Unit with this court; and this court having reviewed the objections and timely rebuttal filed herein; now, therefore, it is hereby ordered that the determination of the Support Collection Unit is affirmed, the objections are denied and the matter is remanded to the Support Collection Unit for further actions.
As this appears to be the first properly filed "Objection to Support Collection Unit Denial of Challenge to Driver’s License Suspension”, the court must, for the first time, attempt to apply the legislative intent of the new statute without the benefit of prior judicial decisions. (Family Ct Act § 454 [5]; Social Services Law § 111-b [12].)
The Support Collection Unit (SCU) has been mandated to commence procedures to suspend the driving licenses of individuals who fall four months, or more, behind in paying court-ordered support. Procedures have been put in place whereby SCU must notify the debtor that his or her driving privileges are about to be suspended. The debtor may file a "challenge” to SCU’s initial determination. SCU then reviews the debtor’s proof submitted on the challenge and makes a final determination on suspension.
When SCU denies a debtor’s challenge, the debtor may file an objection with the Family Court. Certain time frames apply at each stage of these proceedings, and each stage outlined in the statute must be complied with before subsequent stages may be commenced.
In this current proceeding it appears from the filing time stamp that the objection may not have been filed in a timely manner, however, because even SCU’s opposition indicates that the filing was in fact timely, the court will not dismiss the objection on that basis.
The court also will not rule on the constitutionality of the statute or the respondent’s claim that he has been denied due process. The statute is presumed to be constitutional and the respondent appears to have availed himself of the procedural *150 safeguards provided. (People v Walker, 81 NY2d 661 [1993]; Matter of Keith H., 188 AD2d 81 [2d Dept 1993].)
Next, in response to the respondent’s objection that he was denied a review by SCU and that he was precluded from submitting documentation on his challenge, the court finds no merit. In the papers submitted on these objections the court finds material, of an evidentiary nature, apparently submitted by the respondent to SCU upon the respondent’s "challenge”.
This leaves, as objections, two allegations that SCU improperly calculated the arrears owed, and the respondent’s reserve income in relation to the self-support reserve. Even though the respondent has made these allegations, he has failed to substantiate or even explain why his opinion of the facts differs from the amounts established by SCU.
The statute clearly allows the court to grant the objections only if the court finds that the determination of SCU is clearly erroneous. (Family Ct Act § 454 [5].)
Based upon the foregoing, the court must dismiss the objections.