OPINION OF THE COURT
Richard S. Lawrence, J.
An order in the above-entitled proceeding dated March 12, 1985 having been made, and a determination having been made by the Support Collection Unit that the above-named support obligor is in default pursuant to Family Court Act *28 § 458-a on such order and that the driving privileges of the support obligor should therefore be suspended; and . A further determination having been made by the Support Collection-Unit denying the support obligor’s challenge to the notification by the Support Collection Unit to the New York State Department of Motor Vehicles to suspend such driving privileges;
And timely objections to that determination having been filed by the support obligor with this court and this court having reviewed the objections filed herein;
Now, therefore, it is hereby ordered, that the determination of the Support Collection Unit is reversed, the objections are sustained and the Support Collection Unit is hereby directed not to notify the Department of Motor Vehicles to suspend the support obligor’s driving privileges.
The procedures for the court’s determination of a driver’s license suspension are set forth in Family Court Act § 454. Section 454 (5) requires that “The court’s review shall be based upon the record and submissions of the support obligor and the support collection unit upon which the support collection unit’s denial [of the obligor’s challenge] was made”. Accordingly, the court has thoroughly reviewed the record and submissions in this matter and finds that the respondent’s support obligation arose with respect to one child born of the marriage of the parties. The child was born June 26, 1968, and therefore, would have reached age 21 in 1989. The child is now almost 30 years old.
This appears to be a case of first impression with respect to the application of Social Services Law § 111-b (12), which specifies the exact way in which the court must determine the basis for the Support Collection Unit’s review. The license suspension may become applicable when the “support obligor who is under a court order to pay child support * * * has accumulated support arrears equivalent to or greater than the amount of current support due for a period of four months” (Social Services Law § 111-b [12] [b] [1] [emphasis supplied]).
That same section further states “For purposes of determining whether a support obligor has accumulated support arrears equivalent to or greater than the amount of current support due for a period of four months, the existence of any retroactive support shall not be included in the calculation of support arrears pursuant to this section; however, if at least four months of support arrears has accumulated subsequent to the *29 date of the court order, the entire amount of any retroactive support may be collected pursuant to the provisions of this subdivision or as otherwise authorized by law.”
The term called “retroactive support” appears on its face to conflict with the term “current support”. This court has been unable to find any authority on point, and accordingly must interpret and construe these apparently conflicting provisions.
Firstly, the constitutionality of these statutes has been previously upheld. (Matter of Beal v Beal, 175 Misc 2d 148.)
From the court’s review of the record and submissions, there is no indication that the child support obligation ceased prior to the child’s attaining the age of 21 on June 26, 1989; accordingly, the court will assume that the support obligor’s obligation continued to that date, in accordance with Family Court Act § 413.
In the circumstances, the court construes Social Services Law § 111-b (12) (b) (1) to require that the Support Collection Unit may suspend the driver’s license of a support obligor only if there is a current support obligation due, which represents accumulated support arrears equivalent to or greater than the amount of such current support due for a period of four months. Any “retroactive support”, which in this case all became due prior to 1990, may not be included for purposes of accumulated support arrears in order to satisfy the statute.
This decision in no way is meant to suspend any other efforts on behalf of the petitioner to pursue any other remedies available to her.